### John Hill v. The State.

No. 4276.   Decided November 1, 1916.

**1.—Assault to Murder—Continuance—Want of Diligence.**

Where the application for a continuance showed a total want of diligence to procure the presence of the alleged absent witnesses, there was no error in overruling the same.

2.—Same—Evidence—Impeaching Testimony—Cross-examination.

Upon trial of assault with intent to murder, there was no error in permitting the State, on cross-examination, to show that defendant was convicted of a felony prior to the instant case.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of an assault with intent to murder, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Tarrant. Tried below before the Hon. Ben M. Terrell.

Appeal from a conviction of an assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*John L. Poulter,* for appellant.—On question of continuance: Cameron v. State, 57 Texas Crim. Rep., 316; Rushing v. State, 137 S. W. Rep., 372.

On question of cross-examination: Cowart v. State, 158 S. W. Rep., 809.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault to murder, the jury assessing his punishment at five years confinement in the penitentiary.

The indictment was returned the 3d of June, current year; process was issued for absent witnesses on the 21st of June; the case was called for trial on the 27th of June, and application for continuance was made setting out the names of several witnesses, by whom he expected to prove threats made by the assaulted girl. Some of the threats were alleged to have been accompanied by a statement that if appellant did not marry her she would kill him. The case was postponed to the following day and process issued. Three of the alleged absent witnesses were produced and testified on the trial. The case was again called on the 28th; the State announced ready; the defendant not ready. He urged a continuance on previously filed motion. The application alleged that all of the witnesses lived in the City of Fort Worth, where the difficulty occurred. The application is clearly insufficient as to diligence. The process is not attached to the application, and we know nothing of it except as stated, that the witnesses were not found. Three of the witnesses, Gage, Arthur Hill and Mary Lee Hill, are shown to have testified as witnesses, and failed to testify to what was set out in the application, and testified to no remark of the girl pertaining to threats to take the life of appellant. The statement as to the evidence of threats is too general; does not specify with any particularity when they were made or where made. To illustrate this matter more definitely, the application for a continuance shows appellant expected the witness Gage to swear that a short while before

the alleged offense, while defendant was working for Gage in the barbershop of Gage, that the alleged injured party came to the barbershop where defendant was at work, and exhibited a pistol and then and there threatened to kill the defendant. Gage's testimony was to the effect that she came to the barbershop on more than one occasion. He does not testify to threats or the exhibition of a pistol. By the witnesses Arthur Hill and Mary Lee Hill he says he expected to prove that a short time before the alleged offense the injured party went to said witnesses and told them to tell the defendant that if he did not marry her she intended to kill him, which information was afterwards conveyed to defendant and before the date of the offense. Going to the statement of facts we find that the witness Gage testified that he had known defendant two or three months, and knew the alleged injured party, Beulah Norris, by sight and knew her voice. That appellant worked for him about two weeks a month or so ago, maybe longer than that. That while appellant was working there he saw Beulah Norris come to the barbershop; that she was on the inside of the shop once: "When she came in the shop she had a pocketbook or something like that in her hand. I don't know what she came for then. While he, appellant, was working for me she came there several times; I don't know how many. One time she came to the door and talked to John Hill, but I don't recall the conversation between them." He further stated he would see her on the street by the shop and she would just walk up the street and back part of the time on the other side of the street. When she would go up and down the street Hill would go off and talk with her and then come back. Mary Lee Hill testified that she was the wife of Arthur Hill, brother of defendant, and knew Beulah Norris; that on one occasion she went to the hospital with her husband to see Beulah Norris after this trouble and had a conversation with her about the cutting, and she said it was a drunken fight. This was three or four days after she was placed in the hospital. Arthur Hill testified that he was a brother of the defendant and had known Beulah Norris about four years, and learned of the trouble between John and Beulah after its occurrence. That three or four days afterwards he saw Beulah Norris and she told him, when asked about the trouble, they had been drinking and had a fight. That was about all she said to him.

It will be seen these witnesses testified to nothing indicating the statement to be true as made by appellant in his application for a continuance. In fact, each one of them flatly contradict his statements. Concede the fact that he did not employ a lawyer until the 21st of June, eighteen days after the indictment was found, still there was no diligence; he could not excuse diligence because he had not employed counsel; he does not seem to have made any particular effort to secure an attorney, but he could have had process issued preparatory for his trial whether he had counsel or not. If these witnesses would testify to what he states he expected them to swear, he knew that and could

have had process issued. Conceding the diligence is not as urgent in the first application as in a subsequent application, there was no showing made when the case was again called for trial after postponement, except he simply relied on his former application. Taking this record as presented under the facts, this testimony, viewed in the light of what was revealed on the trial, would hardly be stated by the absent witnesses as alleged. None of the witnesses were produced on the motion for new trial, though all lived in the City of Fort Worth, and no excuse is given why there was not something before the court to show appellant was injured legally in some way; and the further fact that the application for a continuance was not applied for subsequent to postponement, in the light of this record we are of opinion that the court was not in error in refusing to ·continue the case. Court began on the 5th of June and terminated on the 2d of September. Under any sort of showing these witnesses, if they lived in Fort Worth, could have been obtained, unless something was before the court to indicate a reason why they could not be found. For these reasons we think the court was not in error in refusing the continuance.

The second ground alleged for reversal is the admission of testimony on cross-examination of the defendant. He was asked if he had not been indicted and convicted and confined in the penitentiary prior to this trouble. He answered, over objection, that he had been in the penitentiary. This was not original testimony, but was asked by the State on cross-examination for the purpose of attacking his credibility; in other words, it was introduced to impeach him. There was no error in this.

The facts are ample. The testimony of the witnesses shows that the girl was cut with a razor and stabbed with a pair of scissors, one of the wounds being a dangerous·one; one of the wounds entered one of her lungs; one of the razor cuts was across the throat. It was not a very serious wound by.reason of the fact it did not reach the artery. There is some testimony showing it was prompted by jealousy on his part. They were both married; neither divorced. They were lovers, he keeping her as his mistress. The details of the testimony are not necessary to be stated. We are of opinion there is no error in this record requiring a reversal.

The judgment, therefore, is affirmed.

*Affirmed.*